GEORGE W. WHITE *v.* W. C. TUBER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—64.]

**Release of Sureties.**

Sureties on a note are released where by the agreement of the parties payment is postponed for any length of time without their consent.

APPEAL FROM HARDIN CIRCUIT COURT.

June 3, 1880.

Opinion by Judge Pryor:

No question could well be made as to the liability of the sureties of Coffman if the note in controversy was the only writing affecting the rights of the parties. Having executed the note with the power on the part of Coffman, the principal obligor, to whom it was delivered in blank, to enable him to raise or borrow money and to fill up the blanks, the lender would not be required to make inquiry as to the nature of the contract between Coffman and his sureties, or as to the conditions upon which they signed the blank paper.

In this case, however, when the principal obligor, Coffman, obtained the bond and executed or delivered the note, it was expressly agreed between him and the appellant, and formed a part of the contract between himself and Coffman, to which the sureties were not parties, that if Coffman returned the bond within four months he would return him the notes, Coffman paying interest, etc. The note upon which the sureties were bound or had signed was payable in ninety days; and by the agreement between Coffman and the appellant, made when the note was delivered and as a part of the contract, it was agreed in substance that the money was not to be collected until four months. If the appellant had sued upon the note after it became due, and before the expiration of the four months, Coffman could have defended upon the idea that, having accepted the bond as a consideration for the notes, it was expressly agreed at the time that he was to have four months within which he could return the bond and demand the notes.

If he had the right to return the bond and take up the notes within four months he could not be coerced into paying for the bond until that time expired. The liability of the sureties was enlarged by this additional agreement, and whether it had the effect, as the matter terminated, to endanger their rights or not is immaterial; if the time of payment was postponed for any length of time without the consent of the sureties by an additional agreement binding on White and Coffman it released the sureties. The note, by reason of the last agreement, was not due until four months; and Coffman agreed to pay interest and White to deliver up the notes if they were tendered within that time.

In this view of the case the judgment below must be *affirmed.*

*Brown & Chelf, for appellant. Wilson & Hobson, for appellees.*